**Billy WALKER, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. C–81–400.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1982.

Rehearing Denied Feb. 9, 1982.

George R. Robinson, Jennings, Robinson & Jennings, Lawton, for petitioner.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for respondent.

MEMORANDUM OPINION

BUSSEY, Judge:

The petitioner, Billy Walker, was charged by information with the crime of Indecent Telephone Conversation in violation of Laws 1978, ch. 121, § 1, now 21 O.S.Supp. 1980, § 1021(4). He entered a plea of nolo contendere in the District Court of Comanche County, Case No. CRF–79–616. The trial judge found the petitioner guilty and set punishment at one (1) year imprison-

ment. From this judgment and sentence the petitioner has perfected his petition for writ of certiorari.

The petitioner does not dispute the findings of the trial court that he was guilty of making phone calls to an unwilling listener at which time he used words that were offensive to decency and calculated to excite lewd thoughts. Rather, he argues that the statute, 21 O.S.Supp.1980, § 1021(4),[1] is void because it is unconstitutionally overbroad and therefore the district court did not have the requisite jurisdiction when it proceeded against him. It is alleged that Section 1021(4) is overbroad because its scope is not limited to cases where the listener does not consent to the use of the proscribed language. A citizen reading the provision might reasonably believe that it criminalizes telling an off-color joke to a willing listener or forbids a sexually oriented conversation between lovers. It is further argued that even assuming the statute is construed to encompass only language defined as obscene under *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), it nevertheless violates the First Amendment right to freedom of speech because it does not contain the essential qualifying element, an unwilling listener. See, *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).

We disagree that the statute is overbroad. "Time, place and manner" limitations upon the exercise of speech have been recognized by the U. S. Supreme Court where they are in furtherance of legitimate state interests. *Erzonznik v. City of Jacksonville*, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975). The State has a legitimate concern in protecting the substantial privacy interests of its citizens from being invaded in an essentially intolerable manner. *Cohen v. California*, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971). Implicit in our statute is the limitation that the prohibited language be spoken to an unwilling listener. A prosecution for an obscene

telephone call to which the listener does not object would not occur, for without an offended party to report the incident, it would not come to the attention of law enforcement officials. We find that the means chosen by the Legislature were both appropriate and sufficiently narrowed to achieve the legitimate goal sought to be attained. The statute is constitutional; therefore the Court had proper jurisdiction to find the appellant guilty.

For the above and foregoing reasons, the petition for writ of certiorari is DENIED.

CORNISH, J., concurs.

BRETT, P. J., dissents.

BRETT, Presiding Judge, dissenting:

I must respectfully dissent to this opinion for the reason that I believe our statute, Laws 1978, ch. 121, § 1, now 21 O.S.Supp. 1980, § 1021(4) is unconstitutionally overbroad and therefore void. The statute states: "Every person who wilfully: ... speaks any words by means of a telephone to any person which would be offensive to decency or is calculated to excite vicious or lewd thoughts or acts ... is guilty of a felony." Because the violation is not limited to cases where the listener does not consent to use of the proscribed language it would be reasonable to assume telling off-color jokes between friends or a sexually oriented conversation between lovers is a criminal offense. To outlaw obscene language where both the caller and listener have consented to its use is a violation of the parties' First Amendment constitutional right to freedom of speech.

Although this particular issue has never been addressed by the U. S. Supreme Court, an analogous situation is found in *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), where the Supreme Court determined that mere private possession of materials defined as obscene could not constitutionally be made a crime. The

---

1. Every person who wilfully either:
   ... speaks any words by means of a telephone to any person which would be offensive to decency or is calculated to excite vicious or lewd thoughts or acts, or any other

communicable words, such as is offensive to decency, or is adapted to excite vicious or lewd thoughts or acts, is guilty of a felony. . . .

argument that a State may regulate all obscenity was rejected; the Court found that as a general rule obscenity was not protected in commercial regulation situations but did have First Amendment protection in the context of private possession. "It is now well established that the Constitution protects the right to receive information and ideas... This right to receive information and ideas, regardless of their social worth, ... is fundamental to our free society." *Stanley*, 89 S.Ct. at 1247.[1]

While the majority opinion appears to agree with this view, it chooses to read our statute to imply a limitation that the prohibited language be spoken to an unwilling listener. However, I find this judicial limitation of the statute to be contrary to the general rule of criminal statutory construction and therefore unacceptable. "It is an ancient rule of statutory construction and an oft-repeated one that penal statutes should be strictly construed against the government or parties seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed." Sutherland, *Statutes and Statutory Construction*, Vol. 3, § 59.03 (footnotes omitted). "The words of a criminal statute must be such as to leave no reasonable doubt as to its meaning or the intention of the legislature, and where such doubt exists the liberty of the citizen is favored." *Id.* at § 59.04. *See also State v. Hamilton*, 298 P.2d 1073 (Okl.Cr.1956). I would therefore find the statute unconstitutional for overbreadth.

1. *See also State v. Keaton*, 371 So.2d 86 (1979), where the Supreme Court of Florida found a statute similar to ours was unconstitutional because it proscribed the mere use of obscene language over the telephone regardless of whether or not the listener was unwilling.

... [T]he first amendment freedom of speech ... prohibits the punishment of the mere use of obscene language in a telephone conversation... [T]he danger of an overbroad statute lies in its possible chilling effect upon the exercise of a precious first amendment right by those who read its provisions. *Keaton* at 91.